UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, INC.,

          Plaintiff,

                                            **Hon. Hugh B. Scott**

          v.

                                            03CV403

                                            **Report**
TONY MALIZIE,                                  **&**
                                            **Recommendation**

          Defendant.

This Report and Recommendation is a follow up to the Order (Docket No. 89) which required defendant Tony Malizie ("defendant" or "Malizie") to file formally his Answer in this action within ten (10) business days from December 7, 2004, or by December 21, 2004. If Malizie failed to file that pleading by that date, this Court warned him that it may recommend that a default judgment be entered against him.

## BACKGROUND

This case is in a series of actions filed in this District by DirecTV, Inc., a satellite television programming provider, which alleges that defendant Tony Malizie (among others) obtained technology to steal plaintiff's satellite signal and/or stole plaintiff's signal in violation of federal law. Plaintiff filed this Complaint on May 22, 2003 (Docket No. 1), and plaintiff filed a request for the Clerk's entry of default judgment against Malizie on July 23, 2003 (Docket No. 19). On July 29, 2003, the docket notes a telephone call from plaintiff's counsel indicating that it was withdrawing its request for entry of default judgment as to Malizie as being premature. No return of service upon Malizie has been filed and there is no Answer from

Malizie on file with the Court. Correspondence from plaintiff's counsel, however, indicated that Malizie at least served an Answer (letter Paul Perlman to Chambers, Feb. 5, 2004), and later a copy of the served Answer was sent by facsimile to the undersigned (fax letter Thomas Krol to Chambers Sept. 8, 2004).

Like many of these DirecTV actions, this case named several defendants. And as in many of those actions, the Court granted in part, motions to dismiss some of the defendants for misjoinder in this action (Docket No. 72). As a result of this earlier motion practice, and various defaults entered against other parties, it appears that Malizie remains the only defendant left in this action.

The Court entered an Order to compel the defendant to produce certain discovery (Docket No. 80), following Malizie's non-appearance at the return date for plaintiff's motion to compel (see Docket Nos. 75 (motion), 80). The Court then learned that defendant has not filed his Answer in this action, although plaintiff appears to have been served with that pleading (dated July 29, 2003, signed by Richard J. Hogan, Jr., Esq.[1]). Cf. Fed. R. Civ. P. 5(d) (all papers required to be served must be filed with the Court within a reasonable time after service), 12(a) (requiring service of answer). Mr. Hogan has never made an appearance in this action on Malizie's behalf. Review of the docket then revealed that Malizie did not appear at several conferences or scheduled arguments (Docket Nos. 61, 78). The Court scheduled a status conference on September 21, 2004, to discuss Malizie's status as a party in this action (Docket No. 82). Malizie did not appear at the September 21, 2004, conference (Docket No. 84), but was

---

[1]The Docket also notes that mail sent to Mr. Hogan's post office box address was returned as undeliverable. Entry of Sept. 28, 2004.

reached by telephone by Chambers staff.  The order to compel was vacated (Docket No. 85) and a status conference was scheduled to discuss defendant's failure to file his Answer and formally appear in this action.  That conference was rescheduled and ultimately held on December 7, 2004 (Docket Nos. 87, 88), with Malizie present in court.  Each notice for these conferences warned that Malizie's failure to appear may compel the Court to recommend that default judgment be entered against him (e.g., Docket No. 82, 86.)  Following the December 7, 2004, conference, Malizie was directed to file formally his Answer and, once he so filed, another conference will be scheduled (Docket No. 89).  This last notice also contained the warning that defendant's failure to file his Answer may result in default judgment being entered against him.  To date, Malizie has not filed his Answer and the last docket entry in this case was this Court's order requiring that filing (Docket No. 89, Dec. 8, 2004).

## DISCUSSION

It is the combination of filing and serving the Answer that formally makes the appearance for a defendant.  Fed. R. Civ. P. 5(d) (all papers required to be served must be filed with the Court within a reasonable time after service), 12(a) (requiring service of answer).  Here, Malizie's then-current attorney apparently served the Answer upon plaintiff but never filed it with the Court.  Thus, the Court had no appearance by counsel and presumed that Malizie was proceeding pro se, but without formal appearance in the action.  The Court gave Malizie several opportunities to appear during the course of this action, but he did not attend many of the conferences or notify the Court of the reasons for his absence.  He only made contact regarding court appearances on September 21, 2004, and only physically appeared at the December 7, 2004, conference.  When ordered to file the Answer by December 21, 2004 (and following

3

numerous warnings that failure to so file may constitute grounds for entry of default judgment), Malizie failed to do so.  Therefore, Malizie is in default.

## CONCLUSION

For the reasons stated above, it is recommended that default judgment be entered against defendant Malizie in this action.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report and Recommendations to all parties.

**ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIC TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provision of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

s/HBS<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
      January 6, 2005