UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

DIRECTV, INC.

                Plaintiff,

   v.                                                          **ORDER**
                                                            03-CV-403S

TONY MALIZIE, et al.,

                <u>Defendants.</u>

     1.     Plaintiff instituted this action on May 22, 2003, alleging that the named defendants purchased, received and used various devices to illegally intercept its satellite television services. This Court referred this matter to the Honorable Hugh B. Scott, United States Magistrate Judge, on July 8, 2003.

     2.     On January 6, 2005, Judge Scott filed a Report and Recommendation recommending that "default judgment be entered against defendant Malizie in this action."

     3.     No objections to the Report and Recommendation were received from either party within ten (10) days from the date of its service, in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 72.3(a)(3). On January 26, 2005, Plaintiff filed a Motion for an Order Adopting Judge Scott's Report and Recommendation.

     4.     Before obtaining default judgment, a party must secure a Clerk's Entry of Default by demonstrating, through affidavit or otherwise, that the opposing party is in default. FED. R. CIV. P. 55(a). Once default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); FED. R. CIV.

P. 8(d). Damages, however, must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). The Clerk of the Court has not entered default against Defendant Malizie in this case, thus, an award of default judgment would be premature.

5. For the reasons stated in Judge Scott's Report and Recommendation, entry of default against Defendant Malizie is appropriate because he has repeatedly failed to file an Answer or otherwise appear in this case despite numerous opportunities to do so. As such, this Court will direct that the Clerk of the Court enter default against Defendant Malizie under Rule 55(a) of the Federal Rules of Civil Procedure. Should Plaintiff wish to seek default judgment, it must do so by separate motion.

IT HEREBY IS ORDERED, that this Court accepts the reasoning in Judge Scott's January 6, 2005 Report and Recommendation (Docket No. 90), but does not accept his conclusion that default judgment should be entered against Defendant Malizie. Instead, this Court directs that the Clerk of the Court enter default against Defendant Malizie under Rule 55(a).

FURTHER, that any request for default judgment must be made by separate motion.

FURTHER, that Plaintiff's Motion to Adopt Judge Scott's Report and Recommendation (Docket No. 91) is denied as moot.

SO ORDERED.

Dated: September 5, 2005
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge