UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, INC.,

                Plaintiff,

v.                                                **DECISION AND ORDER**
                                                              03-CV-403S

TONY MALIZIE,

                Defendant.

      1.      On May 22, 2003, Plaintiff filed its Complaint in this action alleging that Defendant Tony Malizie purchased and used two Pirate Access Devices that are designed to permit the viewing of Plaintiff's television programming without authorization by or payment to Plaintiff.  Plaintiff alleges that by doing so, Defendant Malizie violated the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521.

      2.      Defendant Malizie did not file an Answer to the Complaint.  Consequently, Plaintiff filed a Request for Clerk's Entry of Default.  Default was entered against Defendant Malizie on September 13, 2005.

      3.      Thereafter, on September 20, 2005, Plaintiff filed a Motion for Default Judgment in the amount of $20,850 for violations of 18 U.S.C. §§ 2510-2521.  On October 5, 2005, this Court issued a Show Cause Order directing Defendant Malizie to appear and show cause why Plaintiff's motion should not be granted.  Defendant Malizie appeared on October 27, 2005, and both parties were referred to Magistrate Judge Bianchini for an immediate settlement conference.  It was thereafter reported that a settlement had been reached and this case was closed.

      4.      On December 1, 2005, Plaintiff filed a motion to schedule a status conference

because Defendant Malizie had not signed the settlement papers or remitted payment to Plaintiff.  This Court granted the motion and issued another Show Cause Order requiring the parties to appear on April 5, 2006.  Defendant Malizie failed to appear at the conference.

5.      Affording Defendant Malizie the benefit of the doubt, this Court issued another Show Cause Order directing that Defendant Malizie appear on May 9, 2006.  Therein, this Court specifically warned Defendant Malizie that his failure to appear could result in the setting aside of the purported settlement and the granting of Plaintiff's Motion for Default Judgment as unopposed.  Defendant Malizie again failed to appear.

6.      Eighteen U.S.C. § 2511(1)(a) imposes liability upon any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."  This criminal statute is civilly enforced pursuant to the provisions of 18 U.S.C. § 2520(a), which creates a civil cause of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [Chapter 119 of Title 18 of the United States Code]."

7.      Here, by operation of default, Defendant Malizie is deemed to admit Plaintiff's allegations against him.  Thus, this Court finds that Defendant Malizie purchased, received and used an Unlooper and an Emulator – two Pirate Access Devices that are designed to permit viewing of Plaintiff's television programming without authorization or payment.  Further, drawing all reasonable inferences in Plaintiff's favor, this Court finds that by using these devices for their intended purposes, Defendant Malizie intentionally intercepted Plaintiff's electronic communications.  Accordingly, this Court finds that Defendant Malizie

violated 18 U.S.C. § 2511(1)(a).

8.     Plaintiff seeks statutory damages pursuant to 18 U.S.C. § 2520(c)(2)(B). That section authorizes statutory damages to any person whose electronic communication is intercepted, disclosed or intentionally used in the amount of the greater of $100 a day for each day of violation or $10,000.  18 U.S.C. § 2520(c)(2)(B).  An award of statutory damages under this section is discretionary.  See Schmidt v. Devino, 206 F.Supp.2d 301, 306 (D.Conn. 2001) (citing cases); Romano v. Terdik, 939 F.Supp. 144, 146 (D.Conn. 1996).  However, the court's discretion extends only to granting damages strictly as provided in the statute or not granting damages at all; the court has no discretion to award damages in an amount between the two statutory choices.  See Schmidt, 206 F.Supp.2d at 306; see also DirecTV, Inc. v. Kaas, No. C03-4047-PAZ, 2003 WL 22965078 (N.D. Iowa Dec. 17, 2003) (citing cases); Goodspeed v. Harman, 39 F.Supp.2d 787, 791 (N.D. Tex. 1999).

9.     Based on Defendant Malizie's violation of the statute, his persistent failure to appear in this action and his failure to effectuate the settlement agreed to before Judge Bianchini, this Court will exercise its discretion to award statutory damages for one violation of the statute and decline to award damages on the second violation of the statute.  This Court finds that a default judgment award of $10,850 ($10,000 statutory penalty and $850 attorneys fees) based on one violation of the statute sufficiently punishes Defendant Malizie for his illegal acts and is otherwise warranted in this case.

IT HEREBY IS ORDERED, that this Court's Order dismissing this case based on

the parties' purported settlement (Docket No. 97) is VACATED due to Defendant Malizie's failure to effectuate the settlement.

FURTHER, that Plaintiff's Motion for Default Judgment (Docket No. 95) is GRANTED in part and DENIED in part.

FURTHER, that the Clerk of the Court is directed to enter default judgment in Plaintiff's favor against Defendant Tony Malizie in the amount of $10,850. Interest on this judgment shall accrue from the date of entry of this Decision and Order in accordance with 28 U.S.C. § 1961.

FURTHER, that the Clerk of the Court is directed to send a copy of this Decision and Order to Defendant Tony Malizie at the following address:

> 110 John Muir Drive
> Amherst, NY 14228

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   May 9, 2006
         Buffalo, New York

>                              /s/William M. Skretny
>                              WILLIAM M. SKRETNY
>                              United States District Judge